IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD JAMES ROACH, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:07-CV-753-Y |
| § | | |
| REBECCA TAMEZ, Warden, § | | |
| FCI-Fort Worth, § | | |
| RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.  PARTIES**

Petitioner Richard James Roach, Reg. No. 32298-177, is a federal prisoner who is currently incarcerated at FCI-Fort Worth in Fort Worth, Texas.

The Respondent is Rebecca Tamez, Warden of FCI-Fort Worth.

## C. PROCEDURAL HISTORY

Roach, a former district attorney for Gray County, Texas, was convicted of the offense of addict or unlawful user in possession of firearms in violation of 18 U.S.C. § 922(g)(3) in the United States District Court for the Northern District of Texas, Amarillo Division, and sentenced to a term of 60 months' imprisonment. (Petition at 3) The presentence report (PSR), under the heading "Offense Behavior Not Part of Relevant Conduct," reflected that in the course of the criminal investigation, in addition to drugs and firearms, computers were seized from Roach's residence and office containing pornographic pictures of minors. (Resp't Appendix at 21) Based on this information, under Program Statement (P.S.) 5100.08 Roach was assigned with a Public Safety Factor (PSF) of sex offender (Code F). (*Id.* at 3, 9) P.S. 5100.08 provides, in relevant part:

> Sex Offender. A male or female inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements will be housed in a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one or the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.
>
> . . .
>
> (2) Possession, distribution or mailing of child pornography or related paraphernalia;....

P.S. 5100.08, ch. 5, pg 8.

By way of this petition, Roach requests removal of the PSF from his custody classification. According to Roach, such classification has been assigned to him by the Bureau of Prisons (BOP) illegally in violation of the rules and regulations of P.S. 5100.08 because he has not been in

possession of child pornography during his confinement in FCI-Fort Worth nor was he formally charged with possession of child pornography. He asserts that the PSF directly impacts his incarceration and his eligibility for certain housing and benefits available to him under the RDAP program. (Petition at 4-5 & Attachment) Additionally, he asserts the BOP's denial of his request for re-classification was done in bad faith and in denial of his right to constitutional due process.

Roach pursued his administrative remedies regarding his complaint through the prison appeals process to no avail. (Resp't Appendix at 80-83, 88-103, 108-13) The Administrator of National Inmate Appeals stated in his written response:

> This is in response to your Central Office Administrative Remedy Appeal in which you request removal of the Sex Offender Public Safety Factor applied to your Custody Classification Form. Program Statement (P.S.) 5100.08, <u>Inmate Security Designation and Custody Classification</u>, provides for the application of Public Safety Factors (PSFs) which are within the authority of the Warden and Designation and Sentence Computation Center (DSCC) Administrator. This P.S. states that the Sex Offender PSF shall be applied when an inmate whose behavior in the current term of confinement or prior history includes possession, distribution or mailing of child pornography or related paraphernalia. A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the behavior occurred in the current term of confinement or prior criminal history. P.S. 5100.08 stipulates that inmates with a Sex Offender PSF shall be housed in at least a Low security level institution, unless the PSF has been waived.
>
> According to your PSR, a computer was seized from your residence during the investigation of your current offense that contained child pornography. As your behavior in your current term of confinement included possession of child pornography, we find the PSF for Sex Offender has been properly applied to your Custody Classification Form. You are a Low security level inmate with In custody and appropriately housed at FCI Ft. Worth. (Resp't Appendix at 113)

Thereafter, Roach filed the instant habeas corpus petition. He has not requested waiver of the PSF with the Designation and Sentence Computation Center (DSCC) Administrator, which, if granted, could make Roach eligible for camp placement. (*Id.* at 4)

**D. DISCUSSION**

The government contends Roach's petition should be denied because he fails to state a claim upon which federal habeas relief may be granted. It is well settled in this circuit that an inmate has no constitutional claim to any particular security classification, once incarcerated. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir.); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998). The classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Thus, absent an abuse of discretion, which has not been demonstrated by Roach, a federal court will not interfere with administrative determinations regarding custodial classification of an inmate. *Whitley*, 158 F.3d at 889. The government correctly argues that no factual or legal basis for a claim of constitutional dimension is presented.

**II. RECOMMENDATION**

It is recommended that this petition for writ of habeas corpus be DENIED.

**III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 27, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE